**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 02 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO ALEXANDER CHAVEZ, | No. 05-74216 |
| Petitioner, | Agency No. A092-893-423 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2009**
Pasadena, California

Before: PREGERSON and GOULD, Circuit Judges, and BRIGHT,*** Senior
Circuit Judge.

Hugo Alexander Chavez petitions for review of the Board of Immigration

Appeals' ("BIA") denial of his motion to reopen pursuant to 8 C.F.R. § 1003.44.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

For the reasons stated below, we affirm the BIA's denial of Chavez's motion to reopen.

Chavez is a native and citizen of El Salvador and a lawful permanent resident of the United States. In 1993, Chavez was convicted of grand theft auto under California Penal Code § 487.3. Three years later, in 1996, Chavez was convicted by guilty plea of possession of a controlled substance under California Health & Safety Code § 11350.

In 1997, an Immigration Judge ("IJ") found Chavez deportable under former Immigration and Nationality Act ("INA") § 241(a)(2)(B)(i) because of his controlled substance conviction, and on the basis that his grand theft auto conviction amounted to an "aggravated felony" under former INA § 241(a)(2)(A)(iii). In 1998, after Chavez withdrew all applications for relief from deportation, the IJ ordered Chavez deported. Chavez appealed to the BIA on the grounds that he should have been given some form of relief and that the IJ gave the new aggravated felony definition impermissible retroactive effect. In 2003, the BIA dismissed Chavez's appeal. Chavez did not appeal that decision to this court.

In 2005, Chavez filed a motion to reopen his case with the BIA pursuant to 8 C.F.R. § 1003.44. Section 1003.44 allows an alien to file special motion for relief under former section 212(c) of the INA, 8 U.S.C. § 1182(c) (repealed 1996), if the

2

alien would otherwise have been eligible for section 212(c) relief but-for a conviction obtained by plea agreement prior to April 1, 1997. 8 C.F.R. § 1003.44. The BIA denied Chavez's motion to reopen based on its findings that Chavez had not shown that his controlled substance conviction had been dismissed under California law and that under the statutory counterpart rule, Chavez was not eligible for section 212(c) relief.

In this appeal, Chavez argues that the BIA erred in denying his motion to reopen on two bases. First, Chavez argues, the BIA erred because the record did not support the IJ's finding that Chavez's grand theft auto conviction amounted to an aggravated felony. Second, Chavez argues, the BIA erred because the BIA based its denial on its finding that Chavez was ineligible for section 212(c) relief under the statutory counterpart rule. This finding was an error, Chavez argues, because the BIA gave the statutory counterpart rule unconstitutional retroactive effect, the rule was *ultra vires,* the rule violated equal protection, and the rule was arbitrary and capricious.

This court does not have jurisdiction over Chavez's grand theft auto conviction argument because Chavez did not raise this argument to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). Consequently, this argument cannot serve as a basis for reversing the BIA's denial

of Chavez's motion to reopen. Chavez's statutory counterpart rule arguments likewise cannot serve as a basis for reversing the BIA because these arguments were addressed by and are foreclosed by *Abebe v. Mukasey*. 554 F.3d 1203, 1208 n.7 (9th Cir. 2009) (en banc) (citing *Abebe v. Gonzales*, 493 F.3d 1092, 1101–04 (9th Cir. 2007).

For the foregoing reasons, Chavez's petition for review is denied.

**DENIED.**